

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 2 C 2632 | DATE | 1/24/2003 |
| CASE TITLE | Kenneth J. Truitt vs. David M. Truitt et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]    Enter **MEMORANDUM, OPINION AND ORDER: The defendant's motion to dismiss for failure to state a claim upon which relief may be granted [12-1] pursuant to FRCP 12(b)(6) is granted. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 27 2003 | |
| | Notified counsel by telephone. | date docketed | 19 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | 03 JAN 24 PM 4: 23 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
JAN 2 7 2003

| | | |
|---|---|---|
| KENNETH J. TRUIT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 02 C 2632 |
| v. | ) | |
| | ) | Wayne R. Andersen |
| DAVID M. TRUITT and JANE C. TRUITT, | ) | District Judge |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of the defendants to dismiss the plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(6). For the following reasons, the motion to dismiss is granted.

### BACKGROUND

Kenneth Truitt, plaintiff in this case, is a resident of Chicago, Illinois. David Truitt and his wife Jane Truitt are both the defendants in this action as well as the biological parents of the plaintiff. It is with some regret that we are forced to pass judgment on this troubling inter-family dispute.

From what we are able to discern from the plaintiff's complaint, he is convinced that he was subjected to some procedure whereby his thoughts, memories, and other mental processes were "broadcast" to the outside world. While the plaintiff is unable to identify exactly when this procedure was performed, he is convinced it occurred during his adolescence and that the procedure was sanctioned by his parents, the defendants. According to the plaintiff, the effects of

19

this thought-projection/mind-reading device are quite troubling. Essentially, the device broadcasts the plaintiff's "thoughts and their visual content" which results in other people "see[ing] and feel[ing] exactly what Plaintiff sees and feels." (Amended Complt. at ¶ 6.)

Apparently, the psychological effects of the procedure allegedly inflicted on the plaintiff by the defendants have been extremely negative. For example, the plaintiff describes what he has called the "negative feedback loop." Because his thoughts and feelings about something are transmitted to those around him, the argument goes, competition for his desires increases considerably (i.e. if there is something he wants, then his mental wish to possess it is communicated to others and the number of people aware of his desire multiplies). In his affidavit, the plaintiff has provided an example whereby his quest for a job was thwarted because once his personal research revealed an interesting employment prospect, the mind-reading device "broadcast" this information to the world and, instantly, the competition for the job he wanted increased exponentially. The device also purportedly has caused problems in his social life and during his academic career.

On April 12, 2002, the plaintiff, proceeding *pro se*, filed the instant suit alleging this his parents violated numerous provisions of the United States Constitution. In particular, the plaintiff has argued that his parents have violated his right to privacy as well as the rights protected by the Fourth, Fifth, Thirteenth, and Fourteenth Amendments to the Constitution. Additionally, the plaintiff has asserted numerous state law tort violations. The defendants filed a motion to dismiss, which is now fully briefed.

## DISCUSSION

In ruling on a motion to dismiss, the Court must normally accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Szumny v. Am. Gen. Fin., Inc.*, 246 F.3d 1065, 1067 (7th Cir. 2001). The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test the sufficiency of the complaint. *Weiler v. Household Fin. Corp.*, 101 F.3d 519, 524 n. 1 (7th Cir. 1996). A court will grant a motion to dismiss only if it is impossible for the plaintiff to prevail under any set of facts that could be proven consistent with the allegations. *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

### I. Federal Claims

The Fourth Amendment to the U.S. Constitution states that "the right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated. . . ." U.S. Const. amend. IV. The Supreme Court has made the provisions of the Fourth Amendment applicable to the states through the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 660, 81 S.Ct. 1684 (1961). The Fifth Amendment states that no person shall be "deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V. The courts have held that the Due Process Clause of the Fifth Amendment applies to the workings of the federal government while the Due Process Clause of the Fourteenth Amendment applies to the states. Aside from these specific constitutional guarantees, the Supreme Court has also determined that the Constitution protects an individual's right to privacy from government (both state and federal) intrusion. This implied right to privacy has

variously been found to have its roots in the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution. *See Roe v. Wade*, 410 U.S. 113, 152-54, 93 S.Ct. 705 (1973).

While, at first blush, the allegations raised in the plaintiff's complaint may appear to implicate these various constitutional protections, that is not the case. It is a basic principle of constitutional law that the Fourth, Fifth, and Fourteenth Amendments, as well as the implied right to privacy, limit the power of only the federal and state governments; they do not regulate purely private conduct. *See Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777 (1982) (citing *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 842 (1948)); *Wade v. Byles*, 83 F.3d 902, 904 (7th Cir. 1996). Accordingly, in order to prove a constitutional violation, a plaintiff must show that the defendant is a state actor or, similarly, acted "under color" of state law. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350, 95 S.Ct. 449 (1974). Thus, the plaintiff's constitutional claim - that the forced transmission of his thoughts violated his privacy rights, as well as his Fourth, Fifth, and Fourteenth Amendment rights - turns on the question of whether his parents may be construed as state actors for purposes of constitutional torts.

The plaintiff acknowledges that his parents are not state actors *per se*. He argues, instead, that there is such a close nexus between the defendants and certain unidentified members of the federal and state governments that we are justified in treating the defendants as if they were cloaked in the mantle of state power. In *Sherman v. Community Consol. Sch. Dist. 21 of Wheeling Township*, 8 F.3d 1160, 1168 (7th Cir. 1993), the Seventh Circuit identified four situations in which a private actor involves itself in government activity so as to constitute government action, but none of these have been properly alleged here. Specifically, the plaintiff has asserted that a "symbiotic relationship" exists between the defendants and unidentified state

4

and federal officials. *Burton v. Wilmington Parking Auth.*, 365 U.S. 714, 722, 81 S.Ct. 856 (1961). However, the plaintiff's complaint is bereft of any specific connection, or allegation of a connection, between the defendants and a government official or agency. In fact, the only reference in the entire complaint to a purported federal nexus is contained in paragraph 15 of the amended complaint in which the plaintiff states that the "Defendants have conspired closely in a symbiotic relationship with federal and state official to achieve and perpetuate the situation described, and thus have acted under color of federal and state law." (Amended Complt. at ¶ 15.) Such a conclusory statement, without any supporting allegations, is insufficient to allow us to evaluate whether the plaintiff has properly alleged that the defendants acted under the color of law. Therefore, the plaintiff's implied privacy and Fourth, Fifth, and Fourteenth Amendment claims must be dismissed.

In addition to these claims, the plaintiff has also alleged that the ability of others to receive his thoughts limits his actions to the point that he has been "enslaved" in violation of the Thirteenth Amendment. The Thirteenth Amendment states that "[n]either slavery nor involuntary servitude . . . shall exist within the United States. . . ." U.S. Const. amend. XIII. While the case law in this circuit is clear that no direct private cause of action exists under the Thirteenth Amendment, *see Sanders v. A.J. Canfield Co.*, 635 F. Supp. 85, 87 (N.D. Ill. 1986), the plaintiff seeks redress for the defendants' alleged violations of this amendment pursuant to 42 U.S.C. § 1985(3). Section 1985(3) creates a cause of action against persons who conspire to deprive classes of persons of their federally protected rights. *See Cohen v. Illinois Inst. of Tech.*, 524 F.2d 818, 827-29 (7th Cir. 1975). An allegation of state action is necessary to state a claim under Section 1985(3) if "the federal right relied upon is one requiring an element of state

action." *United Brotherhood of Carpenters and Joiners, Local 610 v. Scott*, 463 U.S. 825, 833, 103 S.Ct. 3352 (1983); *Briscoe v. LaHue*, 663 F.2d 713, 723 n.7 (7th Cir. 1981), *aff'd*, 460 U.S. 325, 103 S.Ct. 1108 (1983); *Sampson v. Village Discount Outlet, Inc.*, 832 F. Supp. 1163, 1169 (N.D. Ill. 1993). In this case, the plaintiff has alleged that, for purposes of his Section 1985(3) claim, he was denied rights guaranteed by the Thirteenth Amendment. This amendment does not apply to strictly private conduct, and, as we have concluded above, he has not alleged any state action. Accordingly, all allegations arising under Section 1985(3) must be dismissed.

Even if the plaintiff's claim included an allegation of state action, or was a type of Section 1985 claim that extended to private conspiracies, *see Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790 (1971), his claim would fail because it lacks a required element of a Section 1985(3) cause of action: "some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' actions." *Id.* at 102. In this case, the plaintiff has failed to allege any type of racial or class-based animus that applies to the scenario described in his complaint (unless, of course, individuals allegedly subjected to thought transmission constitute a protected class - a determination we gladly leave for a higher court). Thus, there is no basis for the plaintiff's Thirteenth Amendment claim to proceed past the motion to dismiss phase.

Finally, to the extent that the plaintiff alleges in his amended complaint a violation of the federal copyright laws due to the transmission and distribution of his thoughts "in a tangible medium of expression," that allegation is dismissed as frivolous and patently without merit. Accordingly, the defendants' 12(b)(6) motion to dismiss for failure to state a claim is granted.

## II. State Claims

In the section of his complaint titled "Claims Sounding in State Law," the plaintiff alleges numerous violations of Illinois state tort law, including battery, invasion of privacy, intentional infliction of emotional distress, trespass, and conspiracy. Subject matter jurisdiction over these claims is predicated solely on the Court's supplemental jurisdiction granted pursuant to 28 U.S.C. § 1367. Generally, "when all the federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state law claims rather than resolving them on the merits." *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716, 727 (7th Cir. 1998). *See also Centres, Inc. v. Town of Brookfield, Wisc.*, 148 F.3d 699, 704 (7th Cir. 1998); *Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994). Because there are no surviving federal claims in this case, we decline to exercise supplemental jurisdiction over the state law claims.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) is granted. This case is terminated. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: January 24, 2003